NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH GHANEM, | : |
| | : Civil No. 04-4330 (AET) |
| Plaintiff, | : |
| | : |
| v. | : MEMORANDUM & ORDER |
| | : |
| SOMERSET COUNTY PROBATION DEPT.; DENISE GHANEM; CHILD SUPPORT ENFORCEMENT UNIT, STATE OF FLORIDA, DEPT. OF REVENUE, et al., | : |
| | : |
| Defendants. | : |

THOMPSON, U.S.D.J.

This matter comes before the Court on Defendants Child Support Enforcement Unit, State of Florida, Department of Revenue's (hereinafter "State of Florida") and Somerset County Probation Department's (hereinafter "Somerset") Motions to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(6). Additionally, Plaintiff has cross-moved for summary judgment pursuant to Fed. R. Civ. P. 56. The Court has decided this motion after reviewing the submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, Defendants' motions are granted and Plaintiff's cross-motion is denied.

BACKGROUND

On December 7, 2004, Plaintiff filed an Amended Complaint alleging that his former

spouse, Denise Ghanem, knowingly executed false affidavits against him for child support and alimony arrears in the State of Florida.  According to Plaintiff, no Florida court entered an order for child support or alimony arrears.  Plaintiff alleges that the State of Florida did not conduct a proper calculation of arrears, but merely forwarded the fraudulent affidavits and a petition to the State of New Jersey, where Plaintiff resided, for enforcement of arrears in excess of $40,000.  In enforcing the allegedly fraudulent affidavits, Defendant Somerset County obtained court approval to levy more than 65% of Plaintiff's weekly paycheck.  Plaintiff contends that such a levy violated the Federal Consumer Credit Act.  According to Plaintiff, in March 2004, Defendant Somerset County incarcerated Plaintiff for owing $2,500 in arrears notwithstanding his production of evidence to the contrary.

     Counts one, two, and three of Plaintiff's seven count Amended Complaint claim that all Defendants violated 42 U.S.C. § 1983.  Count four is a claim for punitive damages against Defendant Ghanem, and Count five claims that the State of Florida and Defendant Ghanem's conduct constituted defamation.  Count six alleges abuse of process against all Defendants, and Count seven states a cause of action for false arrest solely against Defendant Somerset.  Defendants Somerset and the State of Florida now move to dismiss Plaintiff's Amended Complaint.

DISCUSSION

     Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6) allow a defendant to move for a dismissal based upon a lack of subject matter jurisdiction, lack of personal jurisdiction, and the pleader's failure to state a claim upon which relief can be granted, respectively.  In deciding a motion to dismiss pursuant to any of these federal rules, all allegations in the complaint must be accepted as

true and viewed in the light most favorable to the plaintiff.  See Conley v. Gibson, 355 U.S. 41, 48 (1957); Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

     Plaintiff's claims against the Department of Revenue must be dismissed.  The Department of Revenue is a state agency within the State of Florida and, as an arm of the state, it is entitled to Eleventh Amendment immunity.  See Hans v. Louisiana, 134 U.S. 1, 17 (1890); Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990) (stating that the Eleventh Amendment "has been interpreted to bar suits for monetary damages by private parties in federal court against a state or against state agencies.").  Because the State of Florida has not waived its Eleventh Amendment immunity, all of Plaintiff's claims against the Department of Revenue are dismissed.

     Additionally, it is settled that a plaintiff is collaterally estopped from bringing a § 1983 action when it attempts to re-litigate issues already decided in prior state proceedings.  See Anela v. City of Wildwood, 790 F.2d 1063, 1068 (3d Cir. 1987).  The doctrine of collateral estoppel applies where the issue before the court was litigated in a prior proceeding, was determined by a valid final judgment, and was essential to that judgment.  See Haize v. Hanover Ins. Co., 536 F.2d 576, 579 (3d Cir. 1976).

     All of the issues supporting Plaintiff's claims were previously litigated in the Superior Court of New Jersey.  The essential holding of the Superior Court's decision was that Plaintiff was in violation of a Florida court order of support and alimony.  Plaintiff's claims here are premised on his assertion that he was not in violation of such a support order.  Plaintiff is therefore collaterally estopped from bringing those claims.

     Likewise, the Rooker-Feldman doctrine prevents this Court from acting as an appellate

court for actions already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "[T]he Rooker-Feldman doctrine precludes lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts." ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 207 (3d Cir. 2004). "[A] federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman, 'where federal relief can only be predicated upon a conviction that the state court was wrong.'" Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000). Here, Plaintiff's claims are inextricably intertwined with a state adjudication, because a verdict in Plaintiff's favor on any of his claims would essentially overturn a previous state court holding. All of Plaintiff's claims against Defendant Somerset County Probation Department must therefore be dismissed.

## CONCLUSION

For these reasons,

It is on this 15th day of September 2005,

ORDERED that Defendants' Motions to Dismiss [18, 21] are hereby GRANTED; and it is further

ORDERED that Plaintiff's Cross-Motion for Summary Judgment [30] is DENIED.


                                          s/Anne E. Thompson  
                                          ANNE E. THOMPSON, U.S.D.J.