NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH GHANEM, | : | |
| | : | Civil No. 04-4330 (AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM & ORDER |
| | : | |
| SOMERSET COUNTY PROBATION DEPT.; DENISE GHANEM; CHILD SUPPORT ENFORCEMENT UNIT, STATE OF FLORIDA, DEPT. OF REVENUE, et al., | : | |
| | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiff's Motion to Vacate the Court's dismissal of Defendant Denise Ghanem from this action. The Court has decided this motion after reviewing the submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, Plaintiff's motion is denied.

BACKGROUND

On December 7, 2004, Plaintiff filed an Amended Complaint alleging that his former spouse, Denise Ghanem, knowingly executed false affidavits against him for child support and alimony arrears in the State of Florida. Plaintiff contends that Defendant Ghanem's actions initiated a chain of events that eventually led to Plaintiff's incarceration.

Specifically, Plaintiff's Amended Complaint sets forth causes of action against Defendant

1

Ghanem for violation of 42 U.S.C. § 1983, defamation, and abuse of process. On April 8, 2005, Magistrate Judge John J. Hughes issued an order to show cause why Defendant Ghanem should not be dismissed from the action. Plaintiff did not respond to the order to show cause, and on May 16, 2005, the Court dismissed Defendant Ghanem from the case.[1] Plaintiff now moves to vacate the Court's dismissal.[2]

DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows the Court to vacate a final judgment for any one of several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b). The inquiry as to whether relief should be granted is "equitable and requires consideration of 'all relevant circumstances surrounding the party's omission.'" In re Cendant Corp. Prides Litig., 157 F. Supp. 2d 376, 408 (D.N.J. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). In this case, Plaintiff asserts that the relief sought should be granted because his case has merit and because Defendant Ghanem will not be prejudiced if the Order is vacated. Neither of these reasons constitutes excusable neglect or is an extraordinary circumstance. See Pioneer Inv. Servs. Co., 507 U.S. at 393 (providing the standard under Fed. R. Civ. P. 60(b)).

Even were the Court to vacate its prior order, the Rooker-Feldman doctrine would

---

[1] Plaintiff's counsel contends that the response to the order to show cause was inadvertently misfiled.

[2] Plaintiff has not made clear under which rule he is proceeding. Based on the relief requested and the arguments proffered, however, the Court will treat Plaintiff's motion as pursuant to Fed. R. Civ. P. 60(b)(1) or 60(b)(6).

prevent it from further adjudicating this matter. See <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

<u>CONCLUSION</u>

For these reasons,

It is on this 15th day of September 2005,

ORDERED that Plaintiff's Motion to Vacate the Court's May 18, 2005 Order [32] is hereby DENIED.

s/Anne E. Thompson<br>
ANNE E. THOMPSON, U.S.D.J.