NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JOSEPH GHANEM,                          :
                                        :   Civil No. 04-4330 (AET)
        Plaintiff,                      :
                                        :
    v.                                  :   MEMORANDUM & ORDER
                                        :
SOMERSET COUNTY PROBATION               :
DEPT.; DENISE GHANEM; CHILD             :
SUPPORT ENFORCEMENT UNIT,                :
STATE OF FLORIDA, DEPT. OF              :
REVENUE; et al.,                        :
                                        :
        Defendants.                     :
_____:

THOMPSON, U.S.D.J.

I. Introduction

This matter is before the Court on motion by Defendant Child Support Enforcement Unit, State of Florida, Department of Revenue, for sanctions pursuant to Fed. R. Civ. P. 11 against Plaintiff Joseph Ghanem's attorneys, Andrew Seewald and Santos A. Perez. The Court has decided this motion after reviewing the submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, Defendant's motion for Rule 11 sanctions against Plaintiff is granted.

II. Background

On December 7, 2004, Plaintiff filed an Amended Complaint against the Child Support Enforcement Unit, State of Florida, Department of Revenue ("Florida"). Plaintiff brought a 42

U.S.C. § 1983 claim against Defendant Florida in count three of his Amended Complaint, alleging that Defendant Florida violated "his Fourth, Fith. [sic] Sixth, and Fourteenth Amendment rights." (Am. Compl. at 12.) Plaintiff further alleged that as a result, he suffered "damages including but not limited to: Deprivation of Liberty [sic], suffering, humiliation, bail, financial loss, emotional distress, and legal fees." Id.

Defendant Florida moved to dismiss and asserted, among other defenses, that the action against it was barred because of sovereign immunity under the Eleventh Amendment to the United States Constitution. (Def. Florida's Br. in Supp. of Mot. to Dismiss First Am. Compl. at 6.) Plaintiff responded to Defendant Florida's motion by citing to two decades-old cases, one from the Southern District of New York and the other from the Fifth Circuit, to support the proposition that Defendant Florida should not benefit from Eleventh Amendment immunity. (Pl.'s Br. in Opp'n to Def. Florida's Mot. to Dismiss at 6); Richardson v. Civil Servs. Comm'n of N.Y., 387 F.Supp. 1267 (S.D.N.Y. 1973); Harkless v. Sweeny Indep. Sch. Dist., 427 F.2d 319 (5th Cir. 1970). Plaintiff failed, however, to discuss (or even mention) the existence of extensive Supreme Court and Third Circuit precedent contradicting that proposition. See, e.g., Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990) ("[The Eleventh Amendment] has been interpreted to bar suits for monetary damages by private parties in federal court against a state or against state agencies.").

On May 23, 2005, Defendant Florida served Plaintiff with a copy of its Motion for Rule 11 Sanctions, which it filed with the Court on June 16, 2005. Plaintiff responded to Defendant Florida's motion for sanctions by continuing to argue, somewhat incoherently, that the Eleventh Amendment was inapplicable to Defendant Florida. (Certification of Andrew Seewald at 2-3).

Plaintiff did not, however, continue to rely upon the two cases which he had previously cited. Instead, Plaintiff based his argument on <u>Meeker v. Addison</u>, 586 F.Supp. 216 (S.D. Fla. 1982), which he cited for the proposition that Defendant Florida had statutorily waived its immunity to § 1983 claims and held forth as "[t]he applicable law to be applied in the case at bar." What Plaintiff did not mention is that <u>Meeker</u> is not good law. Only two reported opinions have cited to <u>Meeker</u>: <u>Vest v. Schafer</u>, 757 P.2d 588 (Alaska 1988), where it was rejected by the Supreme Court of Alaska; and <u>Gamble v. Fla. Dep't of Health & Rehabilitative Servs.</u>, 779 F.2d 1509, 1516 n.7 (11th Cir. 1986), where the Eleventh Circuit flatly stated, "We reject the reasoning of the <u>Meeker</u> opinion for the reasons set out in this opinion." <u>Gamble</u>, 779 F.2d at 1516 n.7.

On September 15, 2005, the Court granted Defendant Florida's motion to dismiss, finding that it was entitled to Eleventh Amendment immunity, and leaving for resolution only the issue of Rule 11 sanctions.

### III.  <u>Law</u>

A.  <u>Fed. R. Civ. P. 11</u>

Rule 11 of the Federal Rules of Civil Procedure imposes a standard of conduct with which attorneys must comply when making legal representations to the court:

> (b) <u>Representations to Court</u>.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .
>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

Fed. R. Civ. P. 11(b)(2).

To comply with these requirements, an attorney must "1) read the pleading; 2) make a reasonable inquiry into the factual and legal legitimacy of the pleading; [and] 3) file the pleading only for a proper purpose." Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994). Where an attorney has failed to comply with any of these requirements the court may, after notice and a reasonable opportunity to respond, impose sanctions. Fed. R. Civ. P. 11(c). In addition, Rule 11 contains a "safe harbor" provision which requires the moving party to serve the motion on its adversary 21 days before filing the motion with the court, thereby affording the adversary an opportunity to withdraw or correct the challenged claim. Fed. R. Civ. P. 11(c)(1)(A). Because legal contentions are the province of attorneys, sanctions for violations of Rule 11(b)(2) may be imposed only upon attorneys, and not upon represented parties. Fed. R. Civ. P. 11(c)(2)(A).

Rule 11 sanctions are to be imposed only under "exceptional circumstances." Morristown Daily Record, Inc. v. Graphic Commc'ns Union, Local 8N, 832 F.2d 31, 32 n.1 (3d Cir. 1987). "The standard for testing an attorney's conduct is that of what was objectively reasonable under the circumstances. To comply with this standard, counsel 'must conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'" Simmerman, 27 F.3d at 62 (quoting Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir.1988)). In deciding whether sanctions are appropriate, the court should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted." Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 540 (3d Cir. 1985). In sum, Rule 11

> imposes an obligation on counsel and client analogous to the railroad crossing sign, "Stop, Look and Listen." It may be rephrased, "Stop, Think, Investigate and Research" before filing papers either to initiate a suit or to conduct the litigation.

> These obligations conform to those practices which responsible lawyers have always employed in vigorously representing their clients while recognizing the court's duty to serve the public efficiently.

Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987).

    B.   Nature of Sanctions

Rule 11(c)(2) details the nature of the sanctions which the court may impose for a Rule 11 violation. Fed. R. Civ. P. 11(c)(2). The court must use its own discretion in setting proper sanctions, which may or may not include attorney's fees. Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988). Despite this discretion, the court must only impose sanctions to the extent necessary to deter unfounded claims, and not as punishment; the court should impose the least sanction necessary to serve as an adequate deterrent. Id. at 194, 196. The sanction may consist of, among other things, an order to pay a penalty into court. Fed. R. Civ. P. 11(c)(2).

## IV.  Discussion

Beginning at the outset of this litigation, and continuing through their arguments in opposition to the present motion, Plaintiff's attorneys have repeatedly advanced completely frivolous arguments in support of Plaintiff's § 1983 claim against Defendant Florida. The Court finds that claim to be completely without merit, and warranted neither by existing law nor by a nonfrivolous argument for the extension, modification, or reversal of existing law.

Plaintiff's attorneys have had numerous opportunities to correct or withdraw the § 1983 claim, most recently the opportunity afforded them by the "safe harbor" provision of Rule 11(c)(1)(A). They chose instead to persist in the pursuit of that claim and to continue to argue its merits, long after it should have been evident that the claim had no legal basis. Plaintiff's

-5-

attorneys failed to make a reasonable inquiry into the legitimacy of the § 1983 claim, they failed to conduct a normally competent level of research into the legal underpinnings of that claim, and they failed to fulfill their responsibilities under Rule 11(b)(2).

In order to deter the filing of further unfounded claims of this nature, the Court finds the imposition of monetary sanctions against Plaintiff's attorneys to be appropriate.  The Court further finds that $900.00 is the least sanction necessary to serve as an adequate deterrent.  This figure represents the six hours that Defendant Florida's attorney has estimated spending addressing Plaintiff's § 1983 claim and preparing this motion for sanctions pursuant to Rule 11, at the reasonable hourly rate of $150.00.

V. Conclusion

For these reasons,

It is on this 23rd day of September 2005,

ORDERED that Defendant's Motion for Rule 11 Sanctions Against Plaintiff [34] is hereby GRANTED; and it is further

ORDERED that Plaintiff's attorneys, Andrew Seewald and Santos A. Perez, shall pay $900.00 into Court as a penalty pursuant to Fed. R. Civ. P. 11(c)(2).  Payment shall be made to the Clerk of the United States District Court, Clarkson S. Fisher Building and United States Courthouse, 402 East State Street, Trenton, NJ 08608, not later than October 20, 2005.

s/Anne e. Thompson
ANNE E. THOMPSON, U.S.D.J.